IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| American Iron and Metal Company, Garfield Alloys, Magnesium Products of America, Inc., Pace Industries on behalf of Leggett and Platt, Incorporated, Spartan Light Metals Products, LLC, and SPX Corporation, | Judge _____ |
| Defendants. | |

# COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil action pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9607(a), for the recovery of costs incurred by the United States in response to the release or threat of release of hazardous substances at the Remacor, Inc. Site in West Pittsburg, Lawrence County, Pennsylvania ("Site"). The United States also seeks a declaratory judgment

establishing Defendants' liability for any response costs that may be incurred by EPA in the future that will be binding in any subsequent action by the United States against Defendants to recover such further response costs pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a), and 9613(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 9613(b), because the release or threatened release of hazardous substances that gives rise to these claims occurred in this District, and because the Site is located in this District.

## III. DEFENDANTS

4. American Iron and Metal Company, Inc. is a Canadian corporation with its principal place of business in Montreal, Quebec, Canada. It also has manufacturing facilities in the United States (Rhode Island), Mexico, Europe and China.

5. Garfield Alloys, Inc. is an Ohio corporation with a principal place of business in Glenwillow, Ohio.

6. Spartan Light Metal Products, LLC, is a Missouri corporation with its principal place of business in St. Louis, Missouri.

7. Leggett and Platt, Inc. is a Missouri corporation with its principal place of business in Carthage, Missouri.

8. SPX Corporation is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

9. Magnesium Products of America, Inc. is a Michigan corporation and a wholly owned subsidiary of Meridian Technologies with its principal place of business in Eaton Rapids, Michigan.

### IV. SITE DESCRIPTION AND FACTUAL BACKGROUND

10. The Site consists of approximately 45 acres located in West Pittsburg, Pennsylvania.

11. From approximately 1975 through October 2006, Reactive Metals and Alloys Corporation through several related parties, including Remacor, Inc., ("Remacor Entities" or "Remacor") operated a rare earth mineral and magnesium recycling facility at the Site. Remacor accepted magnesium fines, turnings, shavings and some solid magnesium scrap ("magnesium waste") from its customers, including Defendants listed in paragraphs 4 through 9.

12. The Remacor Entities then processed magnesium waste for use in the production of desulfurization reagent for the steel industry.

13. Remacor's operations generated process wastes which were improperly stored or disposed of at the Site.

14. Magnesium waste material sent to the Site by Remacor customers, including Defendants listed in paragraphs 4 through 9, was also mislabeled and improperly stored.

15. Pennsylvania Department of Environmental Protection (PADEP) inspection reports show that the process waste and shipped magnesium wastes were left exposed to rain and snow and stored in containers often without lids. They were also mislabeled and remained onsite for over a year, in violation of Pennsylvania hazardous waste regulations.

16. The poor storage and disposal practices of process wastes and shipped magnesium wastes at the Site led to spills, leaks, runoff into nearby rivers, and chemical fires at the Site.

17.     In 2005 a serious fire caused by improperly stored magnesium waste destroyed the main processing building leaving Remacor with no ability to process and recycle the shipped magnesium waste.

18.     After the fire, when Remacor lost its waste processing abilities, Remacor continued to accept magnesium waste, stockpiling over 6 million pounds.

19.     EPA and PADEP conducted an emergency removal action at the Site beginning in September 15, 2006, removing 6,017,825 pounds of hazardous magnesium waste.  The emergency removal action consisted primarily of site security and characterization, and the stabilization, repackaging, transportation, removal and disposal of hazardous magnesium waste and other solid wastes at the Site.

20.     PADEP is investigating the Site for potential future remedial actions and possible listing on the National Priorities List.

## V. GENERAL ALLEGATIONS

21.     Each Defendant listed in paragraphs 4 to 9 is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

22.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

23.     There was a "release" or a threat of a "release" within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances into the environment at and from the Site.

24.     EPA has undertaken response actions at or in connection with the Site under Section 104 of CERCLA, 42 U.S.C. § 9604, and may undertake response actions in the future.

25. The United States has incurred and is continuing to incur response costs in connection with the release and threatened release of hazardous substances at the Site.

26. The response actions of the United States taken with respect to the Site and the costs incurred related to those actions are not inconsistent with the National Contingency Plan, which was promulgated under Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and is codified at 40 C.F.R. Part 300 et seq.

## VI.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
(Section 107 of CERCLA, 42 U.S.C. § 9607)

27. The allegations of Paragraphs 1 to 26 are realleged and incorporated herein by reference.

28. Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), provides that "any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances . . . shall be liable for" all costs of removal or remedial action incurred by the United States not inconsistent with the National Contingency Plan.

29. Each of the Defendants is a person, or a successor in interest to a person, who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, which were disposed of at the Site. As such, these entities arranged for disposal of hazardous substances at a facility from which there is a release; and they are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

30. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the Defendants are jointly and severally liable to the United States for past costs incurred by the United States with regard to the Site through the date of filing of this complaint.

### SECOND CLAIM FOR RELIEF

(Section 113 of CERCLA, 42 U.S.C. § 9613)

31. The allegations of Paragraphs 1 to 30 are realleged and incorporated herein by reference.

32. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in part:

> In any such action . . . [for recovery of the costs referred to in section 9607 of this title], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

33. Because the Site is being investigated for future remedial work, the United States may incur additional response costs at or in connection with the Site in the future.

34. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendants are liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all future response costs incurred by the United States in connection with the Site.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment holding Defendants jointly and severally liable for all un-reimbursed costs incurred by the United States in response to the release and threat of release of hazardous substances at the Site, including pre-judgment interest;

B. Enter a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C.

§ 9613(g)(2), establishing Defendants' liability for any response costs that may be incurred by the United States in the future, that will be binding in any subsequent action by the United States against Defendants to recover such further response costs;

    C.    Award the United States its costs and disbursements in this action; and

    D.    Grant such other relief as the Court deems just and proper.

Respectfully submitted,

DAVID J. HICKTON  
United States Attorney  
Western District of Pennsylvania

s/Paul E. Skirtich  
PAUL E. SKIRTICH  
Assistant U.S. Attorney  
Western District of Pennsylvania  
U.S. Post Office &Courthouse  
700 Grant Street, Suite 4000  
Pittsburgh, PA 15219  
(412) 894-7418  
PA ID No. 30440

SAM HIRSCH  
Acting Assistant Attorney General  
Environment and Natural Resources Division

s/Cara M. Mroczek  
CARA M. MROCZEK  
Trial Attorney  
Environmental Enforcement Section  
United States Department of Justice  
P.O. Box 7611  
Washington, D.C.  20044-7611  
(202) 514-1447

OF COUNSEL:  
THOMAS CINTI (3RC42)  
Assistant Regional Counsel  
U.S. Environmental Protection Agency  
Region III  
1650 Arch Street  
Philadelphia, PA 19103